UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARKO TULCANAZA,<br><br>  Plaintiff,<br><br>  v.<br><br>GREENPOINT MORTGAGE FUNDING, INC., et al.,<br><br>  Defendants. | Case No. 22-cv-05657-WHO<br><br>**ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE**<br><br>Re: Dkt. No. 20 |

On October 7, 2022, defendants Mortgage Electronic Registration Systems, Inc. ("MERS") and GreenPoint Mortgage Funding, Inc. ("GreenPoint") moved to dismiss all of Tulcanaza's claims against them. *See* Dkts. 8, 10. Tulcanaza failed to timely oppose the motions. Accordingly, on November 28, I issued an order to show cause for failure to prosecute and allowed Tulcanza to oppose the motions by December 5. Dkt. 18. Tulcanaza subsequently filed a statement of non-opposition to the MERS motion to dismiss but did not address GreenPoint's motion. Dkt. 19. Because it was unclear whether Tulcanaza sought to dismiss his claims against GreenPoint as well, on December 12 I ordered Tulcanaza to respond to GreenPoint's motion by or before December 19, or else his complaint would be dismissed for failure to prosecute. Dkt. 20. Tulcanaza has not filed an opposition or otherwise responded to my December 12 order.

It is well established that district courts have *sua sponte* authority to dismiss actions for failure to prosecute or to comply with court orders. *See* Fed. R. Civ. P. 41(b); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that a court may *sua sponte* dismiss an action pursuant to Rule 41(b)). In deciding whether to dismiss for failure to prosecute or comply with court orders, a district court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its

1   docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of
2   cases on their merits; and (5) the availability of less drastic sanctions." *Omstead v. Dell*, 594 F.3d
3   1081, 1084 (9th Cir. 2010) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

The first two factors—public interest in expeditious resolution of litigation and the court's need to manage its docket—weigh in favor of dismissal. As described above, GreenPoint filed a motion to dismiss and Tulcanaza failed to timely oppose it. I issued two orders to show cause for failure to prosecute and gave Tulcanaza multiple chances to file an opposition, effectively extending the response deadline from October 21 to December 19. Tulcanaza still has not filed an opposition to GreenPoint's motion or otherwise responded to my December 12 order. This failure to prosecute hinders my ability to move this case forward toward disposition and suggests that Tulcanaza does not intend to litigate this action diligently.

The third factor—prejudice to defendant—also weighs in favor of dismissal. A rebuttable presumption of prejudice to defendants arises when plaintiffs unreasonably delay prosecution of an action. *See In re Eisen*, 31 F.3d 1447, 1452–53 (9th Cir. 1994). Nothing suggests such a presumption is unwarranted here.

The fourth factor—public policy in favor of deciding cases on the merits—ordinarily weighs against dismissal. However, it is a plaintiff's responsibility to move toward disposition at a reasonable pace. *See Morris v. Morgan Stanley*, 942 F.2d 648, 652 (9th Cir. 1991) ("Although there is indeed a policy favoring disposition on the merits, it is the responsibility of the moving party to move towards that disposition at a reasonable pace, and to refrain from dilatory and evasive tactics."). Tulcanaza has not discharged this responsibility despite multiple opportunities to oppose the pending motion to dismiss. Tulcanaza was granted sufficient time in which to oppose GreenPoint's motion. Under these circumstances, the policy favoring resolution of disputes on the merits does not outweigh Tulcanaza's failure to file responsive documents within the time granted.

The fifth factor—availability of less drastic sanctions—also weighs in favor of dismissal. Tulcanaza had the opportunity to oppose GreenPoint's motion to dismiss but did not do so. I then twice gave Tulcanaza more time to oppose the motion, but Tulcanaza failed to do so.

For the foregoing reasons, I find that the factors weigh in favor of dismissal.  This action is hereby **DISMISSED** without prejudice for failure to prosecute and comply with court orders pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: December 27, 2022



William H. Orrick
United States District Judge